UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY E. DIAZ II,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No.   1:24-cv-01427-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, BASED ON LACK OF SUBJECT-MATTER JURISDICTION AND LACK OF AN ATTORNEY<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PARTIAL MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 1, 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.    INTRODUCTION**

Plaintiff Henry E. Diaz, II proceeds *pro se* in this civil case, which is purportedly brought under 42 U.S.C. § 1983. (ECF No. 1). His allegations are hard to decipher, but he claims that the State of California has violated his constitutional rights, infringed on his copyright, and unlawfully detained his property. As will be explained below, it appears that his legal theories are based on sovereign citizen ideology.

Because the complaint is absolutely meritless, the Court lacks subject-matter jurisdiction and the Court will recommend that the complaint be dismissed with prejudice and without leave to amend. Dismissal is also warranted based on the lack of an attorney representative. Further, the Court will recommend that Plaintiff's partial motion for summary judgment be denied.

## II. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 9). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). Additionally, as will be discussed below, the Court must dismiss a case if it lacks subject-matter jurisdiction. *See, e.g.*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. COMPLAINT AND PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiff is located at the Department of State Hospitals – Atascadero.[1] He claims that the violations at issue happened in Kings County and concern the California Department of Corrections and Rehabilitation (CDCR). He names the State of California as the sole Defendant in this case.

He states that the legal causes of action are based on the Eighth Amendment, Fourteenth Amendment, and federal copyright law. As for his injury, he claims copyright infringement, unlawful detention of property, and actual fraud.

While Plaintiff signed the complaint with his name, he lists the plaintiff in the complaint as follows: HENRY EDWARD DIAZ II, INC. As for supporting facts, he alleges the following:

> The State of California unlawfully entered my corporation HENRY EDWARD DIAZ II, INC. into a contract without my willful consent and used duress and undue influence as a method to coerce me to later consent to this illegal agreement. Case No. 21cm-2227. This contract is contrary to law. I notified CDCR and the courts in Kings County that I was the agent over my corporation. The State willfully infringed on my copyrights to obtain a commercial advantage. Consent is not real when obtained through duress, fraud, or undue influence and even mistake. Duress being the unlawful detention of my property. Public interest will be prejudiced by permitting the contract to stand. HENRY EDWARD DIAZ II, INC. S-Corporation protected by Legal Zoom since October 7, 2020.

(ECF No. 1, p. 3).

As for relief, Plaintiff seeks a total of $50,000,000 in damages.

The State of California has not been served, nor has it appeared in this case. However, on

---

[1] For readability, minor alterations, such as changing capitalization and correcting misspellings, have been made to some of Plaintiff's quotations without indicating each change.

December 2, 2024, Plaintiff filed a partial motion for summary judgment. (ECF No. 7). Generally, Plaintiff repeats the substance of the allegations from his complaint. Among other things, he states as follows:

> Defendant deceived the plaintiff to induce him into the contract case no. 21cm-2227 at Kings County Superior Court, by suggestion of a fact that Plaintiff's Corporation was not sovereign to the State of California and suppression of that which is true and having knowledge and belief of the fact amounting to fraud.
>
> . . . .
>
> On Oct. 7th 2020, I Henry Edward Diaz II obtained the legal copy rights to my general S-corp. title HENRY EDWARD DIAZ II, INC. (Articles of Incorporation, see Exhibit A). Between Nov.-Dec. 2020, I gave notice to CDCR to cease and desist through video interview(s) for excessive use of force and also I gave notice to the State of California through a verbal announcement on the record in Kings County Superior Court Case No. 21cm-2227. The Defendant ignored my demands and continued to willfully and criminally infringe upon my exclusive copy rights and unlawfully detain my property.

(*Id.* at 2-3).

### IV. LEGAL STANDARDS

#### A. Section 1983

Plaintiff checked the box on the complaint form stating that this Court has jurisdiction under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

*v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### B. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

For a properly filed § 1983 claim, the Court would have jurisdiction under both 28 U.S.C. § 1343 and § 1331. *See Martin v. Pierce Cnty.*, 34 F.4th 1125, 1128 (9th Cir. 2022). "Section 1343 gives federal courts jurisdiction over actions arising under federal civil rights statutes." *Ybarra v. Town of Los Altos Hills*, 503 F.2d 250, 252 (9th Cir. 1974). Under § 1331, the federal question jurisdiction statute, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Further, "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3). Moreover, the Supreme Court has held that a court lacks jurisdiction over absolutely meritless claims:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549,

550-551, 7 L.Ed.2d 512 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909).

*Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

## V. ANALYSIS

### A. Subject-Matter Jurisdiction

While it is difficult to decipher Plaintiff's claims in this case, he asserts that § 1983 is at issue. However, Plaintiff's allegations implicate no civil rights violation. Rather, Plaintiff primarily complains about an unlawful contract his purported corporation—HENRY EDWARD DIAZ II, INC.—entered into with the State of California through duress. While he states that this violated his Eighth and Fourteenth Amendment rights, he offers no basis to conclude that these rights are implicated. For example, he offers nothing to suggest he has been subjected to cruel and unusual punishment under the Eighth Amendment nor deprived of due process under the Fourteenth amendment. Likewise, although he complains about unspecified copyright infringement, he fails to provide any facts in support of such a claim. *See Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) ("To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant.").

Rather, the complaint, along with Plaintiff's motion for summary judgment bear the hallmarks of sovereign citizen ideology. Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patro*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology). Here, Plaintiff's motion for summary judgment states that "Defendant deceived the plaintiff to induce him into the contract case no. 21cm-2227 at Kings County Superior Court, by suggestion of a fact that Plaintiff's Corporation was not sovereign to the State of California," thus indicating that he views himself (or his purported corporation) as a sovereign and not under the authority of the State of California. (ECF No. 7, p. 2).

Likewise, Plaintiff's references to a corporation bearing his name, which he spells in all

capital letters (HENRY EDWARD DIAZ II, INC.), contracting with the State of California is similar to sovereign citizen arguments made in other cases. *See Bachmeier v. Einerson*, No. 3:23-CV-00179-SLG, 2023 WL 6796213, at *2 (D. Alaska Oct. 13, 2023) (rejecting petitioner's "attempt to separate himself into two entities—a natural, living person and a corporation or ens legis' with the same name as Petitioner, but written in all capital letters") (footnote omitted); *La Vell Harris v. Cnty. of Lake*, No. 20-CV-09329-RMI, 2021 WL 2170138, at *3 (N.D. Cal. May 10, 2021) (rejecting sovereign-citizen type challenges to unlicensed driving convictions based on the plaintiff "never enter[ing] into a contract with California by which the state may exercise jurisdiction over him'). Lastly, while unclear, Plaintiff may be claiming that the property that the State of California has detained is himself—*i.e.*, he may be arguing that he is a sovereign citizen who cannot legally be imprisoned by the State of California.

To the extent that Plaintiff's arguments are based on sovereign-citizen type ideology or similar viewpoints, he is advised that courts have uniformly rejected such arguments as completely meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

In short, whatever the theory, Plaintiff's claims are absolutely meritless so as to deprive the Court of jurisdiction.

### B. Requirement for an Attorney

Lastly, Plaintiff identifies the plaintiff in the complaint as HENRY EDWARD DIAZ II, INC., and the complaint is signed by Plaintiff himself, who, in his view, is thus representing the purported corporation, despite there being no indication that Plaintiff is an attorney. However, "[i]t is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation, quotation marks, and footnote omitted); *see Zazai v. Graff Logistics LLC*, No. 2:22-CV-1729-KJM-DB (PS), 2023 WL 2815597, at *1 (E.D. Cal. Apr. 6, 2023) (concluding that an LLC could only proceed via an attorney).

Accordingly, assuming that the plaintiff identified in this case were the corporation, it cannot proceed with a non-attorney representative.

### C. Motion for partial summary judgment

As the Court lacks subject-matter jurisdiction, and because there is no attorney representative, Plaintiff cannot proceed with the partial motion for summary judgment. (ECF No. 7). And in any event, the motion for summary judgment would be premature. A motion for summary judgment is intended to be filed after the parties have had the opportunity to discover the facts of the case and thereafter argue "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As noted earlier, the State of California has not been served, nor has it appeared, and thus summary judgment is premature.

## VI. CONCLUSION AND RECOMMENDATIONS

Because Plaintiff's claims are devoid of merit for the reasons given above, it is clear that the complaint could not be saved by amendment; thus, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").[2]

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice and without leave to amend, for lack of subject-matter jurisdiction and for the lack of an attorney.
2. Plaintiff's motion for partial summary judgment be denied. (ECF No. 7).
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the

---

[2] *See Massengale v. Green*, No. 1:24-CV-00065-KES-CDB, 2024 WL 3889529 (E.D. Cal. Aug. 20, 2024), *report and recommendation adopted*, 2024 WL 4668048 (E.D. Cal. Nov. 4, 2024) (noting that courts lack subject matter jurisdiction over frivolous cases and recommending dismissal of sovereign citizen complaint with prejudice); *La Vell Harris*, 2021 WL 2170138, at *4 (recommending dismissal of sovereign citizen complaint with prejudice); *In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505 (N.D. Cal. Feb. 20, 2020), *report and recommendation adopted*, 2020 WL 1171082 (N.D. Cal. Mar. 11, 2020) (recommending dismissal of sovereign citizen complaint with prejudice).

case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 16, 2024**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE